

FILED

OCT 1 4 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donna Reimels<br><br>                          Plaintiff,<br><br>v.<br><br>Hunt & Henriques<br><br>                          Defendant. | **Case Number:**<br>'10 CV 2 15 4 LAB      AJB<br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

*ORIGINAL*

HYDE & SWIGART
San Diego, California

1   to insure that those debt collectors who refrain from using abusive debt
2   collection practices are not competitively disadvantaged, and to promote
3   consistent State action to protect consumers against debt collection abuses.

4   2.   The California legislature has determined that the banking and credit system
5       and grantors of credit to consumers are dependent upon the collection of just
6       and owing debts and that unfair or deceptive collection practices undermine
7       the public confidence that is essential to the continued functioning of the
8       banking and credit system and sound extensions of credit to consumers. The
9       Legislature has further determined that there is a need to ensure that debt
10      collectors exercise this responsibility with fairness, honesty and due regard
11      for the debtor's rights and that debt collectors must be prohibited from
12      engaging in unfair or deceptive acts or practices.

13  3.   Donna Reimels, (Plaintiff), through Plaintiff's attorneys, brings this action to
14      challenge the actions of Hunt & Henriques, ("Defendant"), with regard to
15      attempts by Defendant to unlawfully and abusively collect a debt allegedly
16      owed by Plaintiff, and this conduct caused Plaintiff damages.

17  4.   Plaintiff makes these allegations on information and belief, with the exception
18      of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
19      Plaintiff alleges on personal knowledge.

20  5.   While many violations are described below with specificity, this Complaint
21      alleges violations of the statutes cited in their entirety.

22  6.   Unless otherwise stated, Plaintiff alleges that any violations by Defendant
23      were knowing and intentional, and that Defendant did not maintain
24      procedures reasonably adapted to avoid any such violation.

25                           **JURISDICTION AND VENUE**

26  7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
27      1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

28

8.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9.  Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

11. Plaintiff is a natural person who resides in the City of Oceanside, County of San Diego, State of California.

12. Defendant is located in the City of San Jose, the County of Santa Clara, and the State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

//

**HYDE & SWIGART**
San Diego, California

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

18. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

19. At all times relevant, Defendant conducted business within the State of California.

20. Sometime before January, 2009, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before January, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before January, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25. On or about January, 2009, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

//

//

HYDE & SWIGART
San Diego, California

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. On or about November 17, 2009 Defendant contacted Plaintiff by phone seeking collection of an alleged debt. While still under the stress and strain of dealing with the recent passing of her mother coupled with constant badgering for payment by Defendant for payment of Plaintiff's alleged debt, Plaintiff reluctantly gave Defendant Plaintiff's checking account information and authorization that was expressly for a one time electronic payment of $1,500.00.

29. Because this was a conveyance of information regarding a debt directly or indirectly to a person through a medium, this was a "communication" as that term is defined by 15 U.S.C. 1692a(2).

30. During this same conversation, subsequent to obtaining Plaintiff's checking account information for said one time payment, Defendant stated to Plaintiff that the balance would have to be paid in thirty days or Defendant would sue. Plaintiff responded that Plaintiff would send a cashier's check certified mail in thirty days for the balance of the debt.

31. On or about December 29, 2009, Defendant made an unauthorized electronic transfer payment from Plaintiff's account for $3,164.07. Defendant fraudulently claimed that this withdrawal was authorized by Plaintiff on November 17, 2009. Plaintiff contacted Defendant by telephone shortly thereafter demanding that the funds be returned. Defendant responded by stating that the withdrawal of funds was authorized by Plaintiff because Plaintiff owed the debt and therefore would not return the funds.

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

32.   Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.   Consequently, Defendant violated 15 U.S.C. § 1692f.

33.   Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

34.   Defendant intentionally, or in the alternative, negligently, falsely claimed the December 29, 2009 electronic withdrawal was authorized by Plaintiff when Defendant knew or should have known such a claim was false because Plaintiff expressly authorized only one specific payment and expressly stated she would send the next payment by cashier's check.   Defendant represented to Plaintiff that the November 17, 2009 authorization was for the one time payment and that Plaintiff would not be charged again and that Defendant in fact, would accept Plaintiff's subsequent payment by cashier's check.   Based on this misrepresentation, as a direct result, Plaintiff was harmed.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

35.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

1   reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from
2   Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

38.  Plaintiff repeats, re-alleges, and incorporates by reference, all other
     paragraphs.

39.  The foregoing acts and omissions constitute numerous and multiple violations
     of the RFDCPA, including but not limited to each and every one of the above-
     cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

40.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to
     any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory
     damages for a knowing or willful violation in the amount up to $1,000.00
     pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and
     costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### COUNT III

### NEGLIGENT MISREPRESENTATION

41.  Plaintiff repeats, re-alleges, and incorporates by reference, all other
     paragraphs.

42.  Defendant represented to Plaintiff that a certain important fact or facts were
     true even though Defendant had no reasonable grounds for believing said
     representation was true when the representation was made.

43.  Defendant intended that Plaintiff rely on the representation of Defendant.

44.  Plaintiff reasonably relied on the representation of Defendant.

45.  Because of this reliance, Plaintiff was harmed.

46.  The reliance by Plaintiff on the representation of Defendant was a substantial
     factor in causing Plaintiff harm.

**HYDE & SWIGART**
San Diego, California

HYDE & SWIGART
San Diego, California

## COUNT IV

### INTENTIONAL MISREPRESENTATION

47.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

48.   Defendant represented to Plaintiff that an important fact was true even though that representation was false.

49.   Defendant knew said representation was false when it was made or made the representation recklessly and without regard for its truth.

50.   Defendant intended that Plaintiff rely on the representation of Defendant.

51.   Plaintiff reasonably relied on the representation of Defendant.

52.   Because of this reliance, Plaintiff was harmed.

53.   The reliance by Plaintiff on the representations of Defendant was a substantial factor in causing Plaintiff harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Punitive damages;

1 • Special, general, compensatory and punitive damages.

2 54. Pursuant to the seventh amendment to the Constitution of the United States of

3 America, Plaintiff is entitled to, and demands, a trial by jury.

4 Date: _10/6/10_          Hyde & Swigart

6                          By: _____
7                          Joshua B. Swigart
                           Attorneys for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
**OCT 1 4 2010**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. (a) PLAINTIFFS
Donna Reimels

**DEFENDANTS**
Hunt & Henriques

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

**'10 CV 2 15 4 LAB     AJB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  10/12/10
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 19147   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
TMB 10-15-10

**ORIGINAL**

CR

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019147
Cashier ID: mbain
Transaction Date: 10/15/2010
Payer Name: HYDE AND SWIGART
---------------------------------
CIVIL FILING FEE
  For: REIMELS V HUNT AND HENRIQUES
  Case/Party: D-CAS-3-10-CV-002154-001
  Amount:        $350.00
---------------------------------
CHECK
  Check/Money Order Num: 4152
  Amt Tendered:  $350.00
---------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:       $0.00


There will be a fee of $45.00
charged for any returned check.
```