TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for defendant
Hunt & Henriques

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA REIMELS,<br><br>Plaintiff,<br><br>vs.<br><br>HUNT & HENRIQUES,<br><br>Defendant. | CASE NO. 3:10-CV-2154-LAB-MDD<br><br>**ANSWER TO COMPLAINT** |

Defendant HUNT & HENRIQUES ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff DONNA REIMELS ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant avers that the reasoning behind California legislation is self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Denied.

4. In answering Paragraph 4 of the Complaint, Defendant avers that no response is required of it.

5. In answering Paragraph 5 of the Complaint, Defendant avers that no response is required of it.

6. Denied.

7. In answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. Denied.

9. In answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff alleges that because Defendant does business within the State of California, personal jurisdiction is established. Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. In answering Paragraph 10 of the Complaint, Defendant admits that Plaintiff alleges venue is proper pursuant to 28 U.S.C. § 1391. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. In answering Paragraph 11 of the Complaint, Defendant admits on information and belief that Plaintiff is a natural person who resides in the City of Oceanside, County of San Diego, State of California. Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

12. In answering Paragraph 12, Defendant admits that Hunt & Henriques is located in the City of San Jose, State of California. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3). Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendant admits that is, has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by California Civil Code § 1788.2(h). Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. Denied.

17. In answering Paragraph 17 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "consumer debt" and "consumer credit" as defined by Cal. Civ. Code § 1788.2(f), and on that basis, denies the

allegations. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. In answering Paragraph 18 of the Complaint, Defendant admits, on information and belief, that at all times relevant to this matter, Plaintiff was an individual residing within the State of California. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19. Admitted.

20. Admitted.

21. In answering Paragraph 21 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) and on that basis, denies the allegations. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22. In answering Paragraph 22 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by California Civil Code § 1788.2(d) or as a "consumer debt" as defined by California Civil Code § 1788.2(f) and on that basis, denies the allegations. Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23. In answering Paragraph 23 of the Complaint, Defendant admits that sometime before January 2009, Plaintiff fell behind in the payments owed on the financial obligation at issue in this action. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. In answering Paragraph 28 of the Complaint, Defendant admits that Plaintiff agreed to authorize Defendant to debit $1,500.00 from her checking account on November 17, 2009. Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. In answering Paragraph 35 of the Complaint, Defendant incorporates by reference paragraphs 1 through 34 above as if fully set forth herein.

36. Denied.

37. In answering Paragraph 37 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

38. In answering Paragraph 38 of the Complaint, Defendant incorporates by reference paragraphs 1 through 37 above as if fully set forth herein.

39. Denied.

40. In answering Paragraph 40 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

41. In answering Paragraph 41 of the Complaint, Defendant incorporates by reference paragraphs 1 through 40 above as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. In answering Paragraph 47 of the Complaint, Defendant incorporates by reference paragraphs 1 through 46 above as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. In answering Paragraph 54 of the Complaint, Defendant admits that Plaintiff alleges she is entitled to and demands a trial by jury.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendant expressly

denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Not Debt Collector)**

Defendant is a law firm and therefore is not a "debt collector" as defined by the Rosenthal Act.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.
3. That Defendant recover attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: December 7, 2011

SIMMONDS & NARITA LLP
TOMIO B. NARITA
LINDSEY A. MORGAN

By: s/Lindsey A. Morgan
Lindsey A. Morgan
Attorneys for Defendant
Hunt & Henriques